# JOHN JONES v. STATE.

No. A-2446.    Opinion Filed April 29, 1916.

(156 Pac. 1149.)

**INTOXICATING LIQUORS — Criminal Prosecution—Evidence.** In a prosecution for selling intoxicating liquor, the evidence considered and held sufficient to sustain the verdict, and that no reversible error was committed on the trial.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

John Jones, convicted of violating the prohibitory law, appeals.    Affirmed.

*McNeill & McNeill,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.    On information filed in the County Court of Pawnee county, charging that John Jones did sell and deliver to Lee Daily one quart of beer, receiving therefor fifty cents, the plaintiff in error was convicted and his punishment fixed at confinement in the county jail for thirty days and a fine of three hundred dollars.    From the judgment rendered on the verdict he appealed by filing in this court on April 21, 1915, a petition in error with case-made.

The evidence on behalf of the state was to the effect that Lee Daily, an Otoe Indian in company with Louis Rulo and Harry Saunders went to the Hillcrest hotel in the city of Pawnee where the defendant worked as porter and there Lee Daily paid the defendant a dollar and fifty cents for three bottles of beer; that later Lee Daily went to the National hotel distant about a block from the Hillcrest hotel and there obtained beer from the defendant.    The state also introduced in evidence over the objec-

tion of the defendant a certified copy of the U. S. internal revenue license issued to J. L. Jones, place Hillcrest hotel, Pawnee, payment $25.00, July 9, 1914. Retail liquor dealers' license.

George Feaster, sheriff of Pawnee county testified that the defendant was the only·person named Jones that lived at the Hillcrest hotel.

John Jones, the defendant, as a witness in his own ·behalf testified that he worked as porter at the Hillcrest hotel; that Lee Daily and Rulo came to the Hillcrest hotel that day and both were ·drunk; he denied that he ever sold any beer to Daily and denied that he was the owner of the federal liquor license; denied that he had anything whatever to do with the license; denied that he had ever paid for the same, or that he had ever authorized any one to take the license out in his name; that his name was plain John Jones, and not J. L. Jones.

The first error assigned is that the court erred in admitting in evidence the revenue license, because the same was not properly identified as having been issued to the defendant.

Obviously this assignment is without merit.

The second error assigned is that the court erred in permitting prejudicial questions to be asked of the defendant on his cross examination. The questions objected to related to the arrangement of the rooms and stairways in the Hillcrest hotel, and the further question as follows:

·"Q. Is it not a fact that while you were portering at that hotel that you kept beer in the basement and peddled it out of there? A. No."

We discover no error in the rulings of the court upon the cross examination of the defendant.

We have carefully examined the record and do not find that it contains any error prejudicial to the rights of the defendant. Our conclusion is that the defendant had a fair trial, and was properly convicted. The judgment of conviction is therefore affimed.